THOMAS F. ROBINSON's ADMR., MARTHA ROBINSON's ADMR., and T. and J. SMITH, and J. B. MILLETT & Co. v. W. S. HICKS AND OTHERS.

**Infants — Appointment of Guardian Ad Litem.**
> It is a revisable error not to appoint a guardian *ad litem* for an infant.

**Claim Against Decedent — Waiver of Affidavit.**
> No one but an infant can take advantage of the error in not appointing a guardian *ad litem*.

**Where there is No Personal Representation, No Affidavit or Demand Required.**
> The personal representative of the deceased having answered to the merits of the suit to settle the estate, and having failed to allege that no demand or affidavit had been made, it will be presumed that the statute had been complied with.

APPEAL FROM HENDERSON CIRCUIT COURT.

December 9, 1865.

OPINION OF THE COURT BY JUDGE PETERS:

The motion of Elam to be dismissed as an appellant will be first considered and disposed of.

By an examination of the statement made in the record by the counsel for appellants, giving the names of the parties to the ap-

peal and a reference to the judgment appealed from, it is apparent that he is not an appellant either in his individual or fiducial character, and consequently there were no grounds for his motion.

The *first* alleged error is that no guardian *ad litem* had been appointed for the infant daughter of George P. Robinson, deceased, *after* process had been executed upon her. That might, and we do not decide it would not, be an error for which she could reverse the judgment; but as it does not appear that appellants were prejudiced thereby it cannot be available to them for a reversal.

Appellants next complain of the action of the court below in refusing to set aside the order confirming the master's report, to enable them to file exceptions thereto.

The report had been filed at a previous term of the court, and time then allowed to file exceptions thereto. Subsequently that time had been extended to another term of the court, and for their failure to except during this unusually long interval between the filing and the confirmation of the report no reason is shown or even offered, and under these circumstances we cannot say that the court below abused a sound discretion in refusing the motion, especially as appellants have their remedy in this court for any error prejudicial to them in the judgment of the court below founded on the report of the master, although no exceptions may have been taken thereto.

Further complaint is made of the judgment, because, as is alleged, the demands of W. S. Hicks, of Normount, and I. S. Smith and wife were not verified as required by *section 35, article 2, chapter 37, 1 Rev. Stat. 509,* and payment demanded according to *section 473, Civil Code.*

When they instituted their actions, no administration had been granted on the estate of Thos. F. Robinson, deceased, consequently there was no one there of whom to make the demand. After an administrator was appointed, he filed his petition against appellees as creditors of his intestate and others for a settlement of the estates of his intestate, of George Robinson, administrator, and of George P. Robinson, and he was made a defendant to the several petitions of Hicks, Normount, and Smith and wife, and then all the actions relating to the estates of the three Robinsons were consolidated and heard together.

The personal representative of Thomas F. Robinson, deceased, appeared to the three actions of Hicks, Normount, and Smith and wife and answered to the merits, and failed to allege that no demand with the requisite affidavit had been made of him by them, nor was there any sufficient allegation by any of the various parties interested in the controversy of such omission, nor was any rule taken against them to have their actions dismissed, because such demand and affidavit had not been made; from all which it may be implied that after the appointment of a personal representative of Thos. F. Robinson the law in that respect had been substantially complied with. Rogers *v.* Mitchell's Exrs. et al., 1 Metc. 21.

For the same reason similar objections to other claims allowed must be regarded as unavailing.

It is insisted by appellants that the court below erred in not adjudging a larger amount to be due from George P. Robinson, deceased, to the estate of his father, George Robinson, Sr.

Upon that branch of the case we perceive an error in one item only, and that for a small amount. Of Dr. Armstead's account against George Robinson, Sr., he proves $28.25 were paid by Thomas F. Robinson, but the credit for that payment is given to George P. Robinson.

Appellants' part of that sum would be so small that the maxim, *de minimis non curat lex,* might well apply, and if that were the only error in the judgment prejudicial to them it would not on that account be disturbed.

The next objection urged to the judgment is that the Nelsons were adjudged to be entitled to the estate devised to Thomas Price Robinson, deceased, as his brothers of the half blood, he having died. Two reasons are assigned by appellants' counsel against that part of the judgment: First, because there is not sufficient evidence that they are his half brothers, and second, that Thomas Price Robinson died in infancy, and, therefore, the Nelsons, even if the proof showed them to be his half brothers, could not under the *Statute of Descents* inherit his part of the estate.

In answer to the first position, it is sufficient to say that in three of the consolidated cases they are made defendants, and it is alleged that Thomas Price Robinson died after his father and mother, intestate, unmarried, and childless, and that the two Nelsons were his half brothers and nearest of kin.

And they are coplaintiffs with Price and wife, another of the consolidated cases, and in their petition and in that case it is expressly alleged that they are the surviving half brothers of Thomas Price Robinson, and his only heirs. To these allegations there is no sufficient denial in all the answers filed in the various cases; indeed these allegations are not responded to by any of the defendants, except the administrator of George P. Robinson, and his answer is insufficient under *subsection 2 of section 25, Civil Code,* to put the fact in the issue.

The assumption that Thomas Price Robinson died in infancy is neither sustained by allegation or proof, and even if that fact were material to the rights of appellants they have failed to establish it.

We come now to the consideration of more serious objections to the judgment. The slave Fanny was in the possession of Elam as the administrator of George Robinson and constitutes a part of the estate of said testator. He hired her to Mrs. Price, and Elam states himself that in January, 1861, he permitted Price to remove Fanny from the county of Henderson, Ky., to New Orleans, first taking from Price a bond to indemnify him against loss for permitting him to remove said slave from Kentucky. It does not appear that she has ever been returned to the possession of Elam. The other slaves of the testator have been sold and a very considerable sum realized therefrom; doubtless Fanny would also have been sold at the sale of the other slaves, if she had not been removed from the State, but in consequence thereof she could not then be sold, and her value, which is proved to be $1,200, is lost to the estate unless Elam is held responsible therefor, and we see no reason why he should not be adjudged to pay her value, and especially as he is indemnified by Price, and by proper pleadings the question of his right to her value as against Price can be settled in these suits.

The only remaining question deemed material to be noticed relates to John S. Robinson's branch of the case.

Millett & Co. in their petition allege that said J. S. Robinson was dead, and no administration had been granted on his estate; this petition was offered to be filed before the final judgment was rendered and before there was a personal representative and a revivor against him; it was, therefore, erroneous to render any judgment on that branch of the case. Besides the allegations of

Lambert's petition were insufficient to authorize a judgment in his favor.

Wherefore, the judgment is reversed, and the cause remanded, with directions to permit the parties who may in a reasonable time amend their pleadings, and for further proceedings consistent with this opinion.